1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9  CHRISTOPHER TAROMINA, ALISON BURMEISTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GASPARI NUTRITION, INC., a New Jersey Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  CV12-05424 JAK (MANx)<br><br>**CLASS ACTION**<br><br>**FINAL APPROVAL ORDER AND JUDGEMENT**  **JS-6**<br><br><br><br>Complaint Filed:  June 21, 2012<br>Trial Date:         None Set |

18
19
20
21
22
23
24
25
26
27
28

BESHADA
FARNESE LLP

**FINAL APPROVAL ORDER AND JUDGMENT**

1    WHEREAS, on November 26, 2013, an Order Preliminarily Approving Proposed Settlement ("Preliminary Approval Order") was entered by this Court, preliminarily approving the proposed settlement of the Action pursuant to the terms of the Stipulation and Agreement of Settlement (the "Settlement Agreement") and directing that notice be given to the members of the Settlement Class.

WHEREAS, pursuant to the Parties' plan for providing notice to the Settlement Class (the "Notice Plan"), the Settlement Class was notified by publication of the terms of the proposed Settlement and of a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the Released Claims against the Released Parties; and (2) whether judgment should be entered.

WHEREAS, a Final Approval Hearing was held on July 15, 2014. Prior to the Final Approval Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of compliance as prescribed in the Preliminary Approval Order. Settlement Class Members were therefore notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees and expenses to Class Counsel, and the payment of incentive awards.

NOW, THEREFORE, the Court, having, heard the presentations of Class Counsel and Defendant's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having carefully considered the requirements for class certification, having determined that the Settlement is fair, adequate, and reasonable, having considered the application of Class Counsel for awards of attorneys' fees and expense reimbursements, and having reviewed the materials in support thereof, it is hereby ORDERED, ADJUDGED and DECREED THAT:

1. The Court has jurisdiction over the subject matter of this Action and

over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Court has carefully considered the elements required for class certification, and finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of an ascertainable class, a community of interest, and manageability of a settlement class, that common issues of law and fact predominate, and that a settlement class is superior to alternative means or resolving the claims and disputes at issue in this action.

3. The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit a timely and valid Request for Exclusion.

4. For purposes of the Settlement and this Final Approval Order and Judgment, the Settlement Class shall consist of:

> All persons who purchased for personal consumption,
> and not for re-sale, Spirodex in the United States from
> June 21, 2008 through November 26, 2012.

5. The Court finds that the Notice Plan, which has been effectuated, constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of federal due process.

6. The Settlement is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, and is approved. The Parties shall effectuate the Settlement Agreement according to its terms.

7. Unless otherwise directed by the Court, the settlement funds shall be distributed to the Settlement Class, pursuant to the terms of the Settlement Agreement.

8. Upon the Final Effective Date, the Class Representatives and all Settlement Class Members shall have, by operation of this Order and Judgment, fully, finally, and forever released, relinquished, and discharged any and all of their respective claims, actions, demands, obligations and liabilities related to Spirodex, other than causes of action for physical injury arising from the consumption of Spirodex. This release is without limitation and shall inure to the benefit of all Persons including, but not limited to, the Gaspari Releasees. This release shall be effective whether the matters released are known or unknown, direct or indirect, contingent or absolute, existing or potential, or suspected or unsuspected. Those Persons so released who are not Parties to the Settlement Agreement are third party beneficiaries of this Order and Judgment and may seek enforcement of this Order and Judgment and the Settlement Agreement in the same manner as Parties.

9. Settlement Class Members, including the Class Representatives, and the successors, assigns, parents, subsidiaries, affiliates or agents of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any released claim.

10. This Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Gaspari of any fault, wrongdoing, or liability on its part, or of the validity of any claim or of the existence or amount of damages.

11. The Court awards Class Counsel reasonable attorneys' fees in the amount of $125,000.00 and costs in the amount of $842.36.

12. The Court awards each Class Representative a service award in the amount of $2,500.

13. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any

1  releases in connection therewith, and any other matters related or ancillary to the
2  foregoing.

**IT IS SO ORDERED AND ADJUDGED.**

Dated:  August 25, 2014    _____
Honorable John A. Kronstadt
United States District Court Judge